IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL F. MITCHELL,<br>　　　　Plaintiff | : | CIVIL ACTION |
| v. | : | |
| | : | NO. 17-3730 |
| PATRICK QUINN #1652, et al.,<br>　　　　Defendants | : | |

FILED
OCT 11 2017
KATE BARKMAN, Clerk
By_____Dep. Clerk

## MEMORANDUM

**SLOMSKY, J.**　　　　　　　　　　　　　　　　　　　　　　　　October　, 2017

Plaintiff Paul F. Mitchell, a prisoner at SCI Huntingdon, filed this action against various defendants including police officers, prison employees and officials, and other individuals who had varying degrees of involvement in his state criminal case. The Court dismissed plaintiff's complaint pursuant to 28 U.S.C. § 1915(e) with leave to file an amended complaint.[1] Subsequently, plaintiff filed numerous documents—some of which are entitled "Amended Complaint"—including copies of prison grievances and his correspondence with various municipal and state agencies. The Court will treat these documents as a single amended complaint, dismiss the amended complaint, and provide plaintiff another opportunity to amend.

### I.　FACTS

Plaintiff was arrested on June 16, 2015. A review of the docket from his criminal proceeding reflects that plaintiff was convicted of unlawful sexual contact with a minor, assault, and criminal trespass in the Philadelphia Court of Common Pleas and sentenced to seventeen to forty months in prison, as well as terms of probation of up to seven years. *See Commonwealth v. Mitchell*, Docket No. CP-51-CR-0008193-2015 (Phila. Ct. Common Pleas). Plaintiff has an

---

[1] Plaintiff's application to proceed *in forma pauperis* was granted.

1

appeal pending before the Superior Court of Pennsylvania. *See Commonwealth v. Mitchell*, Docket No. 2787 EDA 2016 (Pa. Super. Ct.). He is serving his sentence at SCI Huntingdon, where he is enrolled in the sex offender program. The Court understands plaintiff to be raising claims pursuant to 42 U.S.C. § 1983 challenging the constitutionality of his arrest, conviction, and imprisonment. He seeks release from imprisonment and damages.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by, Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As plaintiff is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

2

## III. DISCUSSION

Plaintiff submitted eleven filings over the course of three weeks, which he relies on in setting forth his claims. Although the Court has treated those documents collectively as an amended complaint in light of plaintiff's pro se status, those filings do not comply with Federal Rules of Civil Procedure 8 and 10. The purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian v. St. Mary's Med. Ctr.*, No. Civ.A. 16-4741, 2017 WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Rather than raising his allegations in a pleading with a caption and numbered paragraphs that conform to the Federal Rules of Civil Procedure, plaintiff has submitted numerous documents and exhibits in piecemeal fashion. By presenting his claims in this manner, plaintiff has made it difficult to understand the basis for his lawsuit and the nature of his claims against each defendant. No defendant could be expected to meaningfully respond to plaintiff's filings without having to guess at his claims. Although the complaint could be dismissed on that basis alone, the Court has done its best to understand the gist of plaintiff's allegations and will address his claims below.

## A. Statute of Limitations

To the extent that plaintiff is asserting claims of a wrongful or false arrest, those claims are time-barred. Plaintiff was arrested on June 16, 2015. He filed his complaint on August 15, 2017.[2] "In determining the length of the statute of limitations for a claim arising under § 1983, courts must apply the limitations period applicable to personal-injury torts in the State in which the cause of action arose." *Estate of Lagano v. Bergen Cty. Prosecutor's Office*, 769 F.3d 850, 859 (3d Cir. 2014) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)). A two-year statute of limitations applies to personal injury claims in Pennsylvania. *See* 42 Pa. C.S. § 5524; *Kost v. Kozakiewicz*, 1 F.3d 176, 190 (3d Cir. 1993). Thus, any claims based on the arrest are time-barred because the arrest occurred more than two years before plaintiff filed his complaint, and plaintiff knew or should have known of the basis for his claims at that time.

---

[2] Pursuant to the prison mailbox rule, a prisoner's complaint is considered filed at the time he hands it over to prison authorities for forwarding to the Court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The complaint reflects that plaintiff delivered his complaint to prison authorities for mailing on August 15, 2017.

4

### B. Judicial and Prosecutorial Immunity

Plaintiff listed both the judge and the prosecutor in his state criminal case as defendants, neither of whom can be sued by plaintiff. "It is a well-settled principle of law that judges are generally 'immune from a [§ 1983] suit for money damages.'" *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Mireles v. Waco*, 502 U.S. 9, 9 (1991) (per curiam)). "[A] judge's immunity from civil liability 'is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial acts, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.'" *Id.* (quoting *Mireles*, 502 U.S. at 11–12). As plaintiff appears to be suing the Honorable Carolyn H. Nichols for acts she took while presiding over his criminal case, Judge Nichols is entitled to absolute immunity.

As for plaintiff's claims against the prosecutor in his criminal case, Lauren Brittany Katona, she is also immune from plaintiff's claims. "State prosecutors are afforded absolute immunity from civil suit under § 1983 for the initiation and pursuit of criminal prosecutions." *Moore v. Middlesex Cty. Prosecutors Office*, 503 F. App'x 108, 109 (3d Cir. 2012) (citing *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)). "Prosecutors also enjoy absolute[] immunity for actions undertaken in preparation for judicial proceedings or for trial, provided those actions occur in the course of their role as a prosecutor." *Id.* (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)). As it appears that plaintiff's claims against Ms. Katona are based entirely on acts she took while prosecuting the case against him, Ms. Katona is absolutely immune from those claims.

## C. Department of Corrections May Not Be Sued Under § 1983

Plaintiff listed the "Department of Corrections" as a defendant in the caption of his original complaint. The Pennsylvania Department of Corrections is an arm of the state that cannot be sued under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66 (1989) (a state may not be sued in federal court pursuant to § 1983); *Lavia v. Pa. Dep't of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000) (Pennsylvania Department of Corrections "shares in the Commonwealth's Eleventh Amendment immunity"); *see also* 42 Pa. Cons. Stat. § 8521 (nothing in the Political Subdivision Tort Claims Act should be construed as a waiver of the Commonwealth's Eleventh Amendment immunity). The Court will dismiss any claims against the Department of Corrections on that basis.

## D. Wrongful Conviction Claims

Plaintiff appears to be raising claims based on his belief that he was wrongfully convicted. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Accordingly, if plaintiff seeks release from custody, he must pursue his claims in a *habeas* case after exhausting state remedies rather than a civil rights action.

Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a

writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). As plaintiff's convictions and sentence have not been reversed, expunged, or otherwise invalidated, his wrongful conviction claims are currently not cognizable under Section 1983.

### E. Claims Against the Complainant's Mother

Plaintiff also brings claims against Lissette Caseres, the mother of the complainant in his state criminal case. Based on the contents of one of his documents entitled "Amended Complaint," it appears that he intends to assert a claim against her based on an "unofficial custom" of "parental negligence." (Docket No. 11 at 4.) "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 is not applicable here because Ms. Caseres is not a state actor.

### F. Claims Against Prison Officials

Plaintiff appears to assert claims against various prison employees and officials stemming from his classification as a sex offender and the prison's decision to enroll him in sex offender programming. He also seems to assert claims that he is being discriminated against in the prison. Plaintiff fails, however, to describe what happened and who took the actions that led to the alleged violations of his rights.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Powell v. Weiss*, 757 F.3d 338, 346 (3d Cir. 2014). Supervisors may be liable for a constitutional violation if they established and maintained a policy, practice or custom that caused the constitutional violation, or if they participated in

violating plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in their subordinates' violations. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds*, *Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Here, plaintiff did not allege facts establishing a basis for liability under any theory. Plaintiff failed to allege how the prison officials listed as defendants were personally involved in the alleged violations of his constitutional rights, or clearly explain the basis for his claims that his rights have been violated during his incarceration. In other words, because of the confusing manner in which plaintiff has submitted his claims, the Court cannot determine a plausible claim against any prison officials stemming from plaintiff's incarceration.

## IV. CONCLUSION

For the foregoing reasons, plaintiff's amended complaint will be dismissed. The Court will dismiss with prejudice plaintiff's claims against any immune defendants, as well as his claims challenging his arrest, because amendment to those claims would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112–13 (3d Cir. 2002). The Court will dismiss plaintiff's wrongful conviction claims without prejudice to him reasserting those claims in a new lawsuit in the event his convictions are invalidated in the future. Plaintiff will be given leave to file a second amended complaint as to his remaining claims in the event he can assert a clear basis for a plausible claim against an appropriate defendant. If plaintiff wishes to file a second amended complaint containing non-barred claims, he must provide the names of all defendants and describe in detail what his claims are, the facts giving rise to those claims, how he was harmed, and by whom. A blank copy of a form complaint is included, which plaintiff may use to file his second amended complaint.

An appropriate order follows.