IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL F. MITCHELL, : | CIVIL ACTION | |
|     Plaintiff, : | | |
| : | | |
| v. : | | |
| : | | FILED |
| PATRICK QUINN, *et al.*, : | NO. 17-3730 | DEC - 1 2017 |
|     Defendants. : | | |

KATE BARKMAN, Clerk
By_____ Dep. Clerk

**MEMORANDUM**

SLOMSKY, J.                                                                 NOVEMBER 30th, 2017

Paul Mitchell, a State prisoner currently incarcerated at SCI Huntington, filed this civil action pursuant to 42 U.S.C. § 1983 against various defendants including police officers, prison employees and officials, and other individuals who had varying degrees of involvement in his state criminal case. By Order entered on August 29, 2017, the Court granted Mitchell leave to proceed *in forma pauperis*, dismissed his initial Complaint pursuant to 28 U.S.C. § 1915(e), and provided leave to file an amended complaint within thirty (30) days. (ECF No. 4.) Subsequently, Mitchell filed numerous documents, some of which were entitled "Amended Complaint," including copies of prison grievances and his correspondence with various municipal and state agencies. (ECF Nos. 5 through 15.) By Memorandum and Order entered on October 11, 2017, the Court treated those documents as Mitchell's single Amended Complaint, dismissed the Amended Complaint, and provided Mitchell another opportunity to amend. (ECF Nos. 16, 17.)

Again, rather than filing a single document as his Second Amended Complaint, Mitchell has submitted numerous documents and exhibits, two of which are entitled "Amended Complaint," in piecemeal fashion. (ECF Nos. 18, 19, 20, 21, 24, 25.) The Court previously

1

advised Mitchell that "by presenting his claims in this manner, [Mitchell] has made it difficult to understand the basis of his lawsuit and the nature of his claims against each defendant." (ECF No. 16 at 4.) Nevertheless, the Court will treat Mitchell's newest submissions as a single Second Amended Complaint and will dismiss the Second Amended Complaint.

## I. FACTS

Mitchell was arrested on June 16, 2015. A review of the docket from his criminal proceeding reflects that Mitchell was convicted of unlawful sexual contact with a minor, assault, and criminal trespass in the Philadelphia Court of Common Pleas, and was sentenced to seventeen (17) to forty (40) months in prison. *See Commonwealth v. Mitchell*, Docket No. CP-51-CR-0008193-2015 (Phila. Ct. Common Pleas). Mitchell's appeal is pending before the Superior Court of Pennsylvania. *See Commonwealth v. Mitchell*, Docket No. 2787 EDA 2016 (Pa. Super. Ct.). As noted above, Mitchell is currently incarcerated at SCI Huntington, where he is participating in the sex offender program. In his Second Amended Complaint, Mitchell again raises claims concerning the constitutionality of his arrest, conviction, and imprisonment. He seeks unspecified declaratory and injunctive relief, as well as damages.

## II. STANDARD OF REVIEW

As the Court previously informed Mitchell, Rule 8(a) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted).

2

Moreover, because the Court previously granted Mitchell leave to proceed *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies. That statute requires the Court to dismiss the complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.* The Court may also dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ray v. Kertes*, 285 F.3d 287, 297 (3d Cir. 2002); *see also McPherson v. United States*, 392 F. App'x 938, 943 (3d Cir. 2010). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). As Mitchell is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Continued Failure to Comply with Federal Rules of Civil Procedure 8 and 10

Over the course of approximately six (6) weeks, Mitchell submitted six documents which he relies upon to set forth his claims. Although the Court has treated those documents collectively as Mitchell's Second Amended Complaint in light of his *pro se* status, Mitchell's filings again do not comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. As the Court previously informed Mitchell, the purpose of these rules is to make clear to the Court and the defendants the factual basis for a plaintiff's claims so that the defendants can meaningfully respond to those claims. *See, e.g., Fabian v. St. Mary's Med. Ctr.*, No. Civ.A. 16-4741, 2017

3

WL 3494219, at *3 (E.D. Pa. Aug. 11, 2017) ("Federal Rule of Civil Procedure 8 requires that pleadings provide enough information to put a defendant on sufficient notice to prepare their defense and also ensure that the Court is sufficiently informed to determine the issue.") (quotations omitted); *Young v. Centerville Clinic, Inc.*, No. Civ.A. 09-325, 2009 WL 4722820, at *3 (W.D. Pa. Dec. 2, 2009) ("The purpose of Rule 10 is to create clarity in pleadings, which allows a defendant and the Court to determine whether there are sufficient facts to support a claim entitling a plaintiff to relief."). To conform to Rule 8, a pleading must contain a short and plain statement showing that the plaintiff is entitled to relief. *See Travaline v. U.S. Supreme Court*, 424 F. App'x 78, 79 (3d Cir. 2011) ("Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' and 'a demand for the relief sought.'") (quoting Fed. R. Civ. P. 8(a)(2), (3)); *see also id.* ("Each averment must be 'simple, concise, and direct.'") (quoting Fed. R. Civ. P. 8(d)(1)). "This standard operates in tandem with that of Rule 10," which requires that a pleading contain a caption with the Court's name and the names of the parties, and that claims be listed in numbered paragraphs. *Fabian*, 2017 WL 3494219, at *3 (citing Fed. R. Civ. P. 10).

Once again, rather than raising his allegations in a pleading with a caption and numbered paragraphs that conforms with the Federal Rules of Civil Procedure, Mitchell has submitted several documents and exhibits in piecemeal fashion. This means that he has once again made it difficult to understand the basis for his lawsuit and the nature of his claims against each defendant. No defendant could be expected to meaningfully respond to Mitchell's filings without having to guess at his claims. Although the Second Amended Complaint could be dismissed on that basis alone, the Court has done its best to understand the gist of Mitchell's allegations and will address his claims below.

4

### B. Claims Against the Arresting Officers

Mitchell has again named Officers Patrick Quinn, Gerald Rahill, and Thomas Martinka as defendants, and also names Officer Maureen Carroll for the first time in his Second Amended Complaint. Throughout his Second Amended Complaint, Mitchell appears to assert that these officers wrongfully or falsely arrested him. As the Court previously informed Mitchell, however, any claims based upon his arrest are time-barred. (ECF No. 16 at 4 (citations omitted).). Accordingly, Mitchell's claims against Officers Quinn, Rahill, Martinka, and Carroll will be dismissed.

### C. Claims Against the Complainant's Mother

Mitchell has again brought claims against Lissette Caseres, the mother of the complainant in his state criminal case. It appears that he intends to assert a claim against Ms. Caseres based on "parental negligence." (ECF No. 25 at 2.) As the Court previously informed Mitchell, however, he cannot maintain a claim against Ms. Caseres pursuant to § 1983 because she is not a state actor. (ECF No. 16 at 7 (citing *West v. Atkins*, 487 U.S. 42, 48 (1988).) Accordingly, Mitchell's claims against Ms. Caseres will be dismissed.

### D. Claims Against the City of Philadelphia

For the first time since filing his initial Complaint, Mitchell has named the City of Philadelphia as a defendant. However, nowhere in the Second Amended Complaint has Mitchell alleged a municipal custom or policy that led to the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (municipal liability under § 1983 must be predicated upon a municipal policy or custom). Accordingly, Mitchell's claims against the City of Philadelphia are also subject to dismissal.

5

### E. Claims Against SCI Huntington

Also for the first time, Mitchell has named SCI Huntington as a defendant. However, a "prison or correctional facility is not a 'person' that is subject to suit under federal civil rights laws." *Regan v. Upper Darby Twp.*, No. CIV A 06-1686, 2009 WL 650384, at *4 (E.D. Pa. Mar. 11, 2009), *aff'd*, 363 F. App'x 917 (3d Cir. 2010); *see also White v. Green*, Civ. A. No. 09-1219, 2009 WL 3209647, at *2 (E.D. Pa. Oct. 6, 2009) ("This Court has held that the George W. Hill Correctional Facility, is not a legal entity that is amenable to suit under § 1983.") (quotations omitted). Therefore, Mitchell's claims against SCI Huntington must be dismissed.

### F. Claims Alleging Wrongful Conviction

Mitchell appears to be again raising claims based on his belief that he was wrongfully convicted. Again, to the extent that Mitchell is seeking release from custody, he must pursue his claims in a petition for a writ of *habeas corpus* after exhausting state remedies. (*See* ECF No. 16 at 6 (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)).) Moreover, Mitchell's wrongful conviction claims for damages are currently not cognizable under § 1983 because his conviction and sentence have not been reversed, expunged, or otherwise invalidated. (*Id.* at 6-7 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).)

### G. Claims Against Prison Officials

Mitchell has again named Superintendents Erica Tice and Kevin Kauffman, Grievance Coordinator Connie Green, Psychological Services Specialists K. Butterbaugh and K. Fisher, Psychology Manager Richard Goss, Officer Nelson, and Institutional Parole Supervisor Linda Girard as defendants in this matter. Mitchell appears to assert claims against these individuals stemming from his classification as a sex offender and the prison's decision to mandate that he participate in sex offender programming. He also appears to assert claims concerning

6

discrimination that he is allegedly experiencing in prison. Again, however, Mitchell fails to plausibly describe what happened and who took what actions that led to the alleged violations of his rights.

"Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Powell v. Weiss*, 757 F.3d 338, 346 (3d Cir. 2014). Supervisors may be liable for a constitutional violation if they established and maintained a policy, practice or custom that caused the constitutional violation, or if they participated in violating plaintiff's rights, directed others to violate them, or had knowledge of and acquiesced in their subordinates' violations. *See Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 320 (3d Cir. 2014), *reversed on other grounds, Taylor v. Barkes*, 135 S. Ct. 2042 (2015). Here, again, Mitchell has not alleged facts establishing a basis for liability under any theory. Throughout all of his filings in this matter, Mitchell has failed to plausibly allege how these individuals were personally involved in the alleged violations of his constitutional rights, or clearly explain the basis for his claim that his rights have been violated during his incarceration. In other words, because of the confusing manner in which Mitchell has insisted on submitting his claims, the Court still cannot determine a plausible claim for relief stemming from Mitchell's conditions of confinement against any of the named prison officials.

## IV. CONCLUSION

For the foregoing reasons, the Court dismisses Mitchell's Second Amended Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Mitchell's wrongful conviction claims are dismissed without prejudice to Mitchell's right to reassert those claims in a new lawsuit in the event that his conviction and sentence are invalidated in the future. Mitchell

7

will not be provided leave to file a third amended complaint because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-13 (3d Cir. 2002). An appropriate order follows, which shall be docketed separately.